IN THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HELEN J. TURNER,**

    **Plaintiff,**

vs.                                            Case No. 4:14cv622-WS/CAS

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social**
**Security,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

    This is a Social Security case referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.2(D).  It is now before the Court pursuant to 42 U.S.C. § 405(g) for review of the final determination of the Acting Commissioner (Commissioner) of the Social Security Administration (SSA) denying Plaintiff's Title II application for wife's insurance benefits.  After careful consideration of the entire record, it is respectfully recommended that the decision of the Commissioner be affirmed.

**I. Procedural History**

    On September 9, 2011, Plaintiff, Helen J. Turner, filed an application requesting wife's insurance benefits (WIB) pursuant to Title II (Federal Old-Age, Survivors, and Disability Insurance Benefits) of the Social Security Act.  R. 9, 15-16.  (Citations to the record shall be by the symbol "R." followed by a page number that appears in the upper right corner.)

Plaintiff's application was denied initially on October 17, 2011, and upon reconsideration on April 3, 2012.  R. 9, 17-21, 23.  On April 14, 2012, Plaintiff requested a hearing.  R. 22, 51.  On June 11, 2013, Administrative Law Judge (ALJ) Steven L. Carnes, held a hearing in Tallahassee, Florida.  R. 9, 52-68.  Plaintiff appeared pro se.  R. 54-59.  The ALJ advised Plaintiff of her right to representation and she chose to proceed pro se.  R. 54-57.

On June 28, 2013, the ALJ entered his decision concluding that Plaintiff is not entitled to WIB on the wage earner's (David Bryan Turner, Plaintiff's ex-husband) account pursuant to section 202(b) of the Social Security Act as a divorced spouse[1] and that Plaintiff was not entitled to dependent child in care benefits.  R. 6-11.  On July 7, 2013, Plaintiff requested review of the ALJ's decision.  R. 5.  On October 6, 2014, the Appeals Council denied Plaintiff's request for review.  R. 2-4.

On November 20, 2014, Plaintiff filed a complaint on a civil rights form requesting judicial review of the Commissioner's final decision.  Doc. 1.  On November 24, 2014, the Court granted Plaintiff leave to proceed in forma pauperis.  R. 3.  On February 2, 2015, the Commissioner filed an Answer, R. 7, with a copy of the Transcript (the record) that consists of 68 pages.  Doc. 8; R. 1-72.  On February 3, 2015, an Order was entered advising Plaintiff that she had until March 18, 2015, to file a memorandum in support of her complaint.  R. 9.  On February 26, 2015, Plaintiff filed an "Answer," referred to as a Memorandum in Support on the Court docket, doc. 10,arguing that the Commissioner's

---

[1] "The term 'divorced wife' means a woman divorced from an individual, but only if she had been married to such individual for a period of 10 years immediately before the date the divorce became effective."  42 U.S.C. § 416(d)(1); see George v. Sullivan, 909 F. 2d 857, 860 (6th Cir. 1990) (citing 42 U.S.C. § 416(d)(1)).

decision was wrong and alleging, in part, that she is the subject of discrimination because of her "race & disability." Doc. 10 at 2. On May 4, 2015, the Commissioner filed a memorandum. R. 13

## II. Legal Standard of Review

This Court must determine whether the Commissioner's decision is supported by substantial evidence in the record and premised upon correct legal principles. 42 U.S.C. § 405(g); Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted); accord Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). "The Commissioner's factual findings are conclusive if supported by substantial evidence." Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002) (citations omitted). Plaintiff bears the burden of proving that she is entitled to benefits. *See generally* Moore v. Barnhart, 405 F.3d at 1211.

## III. Analysis

In her memorandum (Answer), Plaintiff generally argues that she is the subject of discrimination by the SSA based on her "race & disability," but does not otherwise explain why the ALJ erred when he denied her benefits.[2] Doc. 10. The Commissioner analyzes this issue and other issues decided by the ALJ, including whether Plaintiff is

---

[2] *See* Sanchez v. Comm'r of Soc. Sec., 507 F. App'x 855, 956 n.1 (11th Cir. 2013) (unpublished) (noting claimant waived arguments by not expressly challenging ALJ's findings). Notwithstanding Plaintiff's general lack of argument in support of her request to review the ALJ's decision, the undersigned has conducted a de novo review of the record and the ALJ's findings and determinations.

entitled to WIB as a divorced spouse and whether Plaintiff is entitled to mother's insurance benefits.  Doc. 13 at 3-7.

As noted above, Plaintiff filed "a Title II application for wife's insurance benefits" pursuant to section 202(b) (42 U.S.C. § 402(b)) of the Social Security Act.  R. 9.  The ALJ determined:

(1) The insured person, Plaintiff's former husband, David Bryan Turner, was 58 years old at the time of the ALJ's decision, and there was no evidence that he was entitled to old-age or disability benefits, R. 10, 15;

(2) Plaintiff was married on April 12, 1975, and divorced on November 13, 1984, and, as a result, Plaintiff was not married for ten years before the date of her divorce and not a divorced spouse of the insured person, R. 10, 15, 21, 60;

(3) Plaintiff filed an application for wife's insurance benefits on September 9, 2011, R. 10, 15-16;

(4) Plaintiff was not married at the time she filed her application for benefits, R. 15, 60;

(5) Plaintiff was 53 years old at the time of the decision and, as a result, was not 62 years old or older, R. 10, 15, 21, 61;

(6) Plaintiff is not "entitled to a retirement or disability insurance benefits based on a primary insurance amount that is equal to or larger than the full spouse's benefit," R. 10;

(7) Plaintiff was divorced from the insured person, Mr. Turner, for at least two years, R. 10, 60, 63; and

(8) Plaintiff was "not eligible for dependent child care benefits even though the claimant is the parent of a disabled child of the insured person in the claimant's care."  R. 11.

The ALJ further found:

> On the claimant's request for reconsideration form, the claimant stated that she wanted benefits for caring for a child (Exhibit 5A).  [R. 19]  The claimant testified that [O.T.] is the child of the claimant and the insured person.  [O.T. was 31 years old at the time of the hearing. R. 61-63.]  She also testified that [O.T. is] currently disabled with autism per [the] Social Security Administration and receiving benefits.  [R. 61-62]  However, a divorced

>  spouse, under age 62, can only be entitled as a child in care beneficiary on a survivor claim as a surviving divorced mother/father (20 CFR 404.340). The claimant testified that the insured person, David Bryan Turner, is currently living. [R. 57] Therefore, the claimant cannot be considered a surviving divorced mother.

R. 11. The ALJ concluded: "Based on the Title II application for [WIB] as a divorced spouse filed on September 9, 2011, the claimant is not eligible under section 202(b) of the Social Security Act." *Id.*

As noted above, the ALJ found that the wage earner, David Bryan Turner, Plaintiff's ex-husband, was 58 years old, and there is no evidence indicating he was entitled to old-age insurance benefits or disability insurance benefits. R. 10. The ALJ found Plaintiff was not a "divorced spouse" of the wage earner - as defined by 20 C.F.R § 404.331(a) - because they were not married for ten years before their divorce. R. 10. The ALJ also found Plaintiff was not age 62 or older. *Id.* As a result, the ALJ found Plaintiff was not entitled to WIB as a divorced spouse of the wage earner. *Id.*

Plaintiff did not meet her burden of proving she met the eligibility requirements for WIB on the wage earner's account. To qualify for WIB as a divorced wife, a claimant must apply for benefits and show that she was validly married to the insured individual for at least ten years immediately before the divorce became final, was age 62 or older, was not married to someone else, and not entitled to an old-age or disability benefits based upon a primary insurance amount that is equal to or larger than the full wife's or husband's benefit. 42 U.S.C. § 402(b)(1)(A)-(D); 20 C.F.R. § 404.331(a)-(e). (There is also a requirement that the ex-wife, here Plaintiff, "have been divorced from the insured person for at least 2 years." 20 C.F.R. § 404.331(f). Plaintiff satisfied this criterion.

R. 10.)

Plaintiff testified that she was married to the wage earner for nine years and nine months and that she knew she was not married to the wage earner for ten years. R. 60, 63. Plaintiff also testified during the hearing that the ten-year duration of marriage requirement should be excused, but she did not provide any evidence or legal authority to support her position, either at the hearing or in her brief. R. 63; doc. 10. Plaintiff does not dispute the evidence of record that her marriage to the wage earner (Mr. Turner) did not last ten years. R. 5, 15, 21-22, 60-61.

Moreover, the ALJ found that the wage earner was not entitled to old-age benefits or disability benefits and he was not age 62 or older, and that Plaintiff was not age 62 or older. R. 10. Plaintiff does not qualify for divorced wife benefits because the undisputed facts show that Plaintiff does not meet the criteria for eligibility. *See* Albertson v. Apfel, 247 F.3d 448, 449 (2d Cir. 2001) (claimant widow ineligible for surviving divorced wife benefits because divorce effective three days shy of ten-year requirement); *see also* Lewis v. Barnhart, 285 F.3d 1329, 1334 (11th Cir. 2002) (claimant widow who did not satisfy the duration of marriage requirement by one day ineligible for widow's benefits as surviving wife).[3] Notwithstanding Plaintiff's assertion of

---

[3] In Lewis, the Court determined that a widow did not satisfy the nine-month duration-of-marriage requirement for receiving benefits under the Social Security Act because her husband died one day short of the nine-month requirement and stated:

> Because Appellant failed to satisfy the requirement by only one day, the application of statute in this case may seem particularly harsh. On this point, however, we echo the perspective expressed by the presiding magistrate judge in this case:
>
> > [Appellant's] circumstance is, of course, unfortunate. That fact, however, does not justify a contrived interpretation of the statutory provision at

unfairness, *see* doc. 10, R. 64-66, the ALJ's findings and determination that Plaintiff did not meet the requirement for entitlement to WIB as the wage earner's divorced spouse are supported by substantial evidence and he correctly applied controlling principles of law.

In her reconsideration application, R. 19, Plaintiff also requested mother's insurance benefits, which she and the ALJ referred to as dependent child in care benefits.  R. 11.  To qualify for mother's insurance benefits as a surviving divorced spouse (mother) of an individual who dies fully insured, a claimant must show that she was validly married to the insured individual, she was not married to someone else, and that she cares for the insured's child who is under the age of 16 or disabled, who is her child, and entitled to child's benefits on the insured's account.  42 U.S.C. § 402(g)(1); 20 C.F.R. § 404.340.  ("The term 'surviving divorced mother' means [in part] a woman divorced from an individual who has died." 42 U.S.C. § 416(d)(3)).  Plaintiff reported that she cares for her adult child, O.T., and needed assistance.  R. 19, 61-66.

Substantial evidence supports the ALJ's determination that Plaintiff was not eligible for mother's insurance benefits because a divorced spouse can only be entitled to mother's insurance benefits on a *survivor* claim as a surviving divorced mother.  R. 11.  *See* 20 C. F. R. § 404.340.  The ALJ found the wage earner (Mr. Turner) is currently living and, as a result, Plaintiff could not be considered a surviving divorced

---

issue.  No matter where the line is placed in computing the nine-month period, there will always be some cases (among the millions) that will fall one day short.  Accordingly, the line should be left where Congress placed it, which means that the day of death should be excluded.

285 F.3d at 1334.

mother.  R. 11; *see* R. 57.  There are no facts in the record that support a contrary finding.  Accordingly, substantial evidence supports the ALJ's determination that Plaintiff was not eligible for mother's insurance benefits as a surviving divorced spouse.

Finally, Plaintiff argues in her memorandum that the SSA has discriminated against her.  Doc. 10.  Pro se complaints are held to less stringent standards than those drafted by an attorney.  *See generally* Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  Nevertheless, without more, Plaintiff has not stated a cause of action against the SSA or its employees for discrimination.  More than conclusory allegations of unconstitutional acts are required.  *See generally* Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003); Shannon v. General Electric, 812 F. Supp. 308, 322-23 (N.D.N.Y. 1993).

## IV.  Conclusion

Considering the record as a whole, the findings of the Administrative Law Judge are based upon substantial evidence in the record and he correctly followed the law.  Accordingly, it is respectfully **RECOMMENDED** that the decision of the Commissioner to deny Plaintiff's application for Social Security benefits be **AFFIRMED** and judgment rendered for the Commissioner.

**IN CHAMBERS** at Tallahassee, Florida, on May 7, 2015.

                                              **s/ Charles A. Stampelos**
                                              **CHARLES A. STAMPELOS**
                                              **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**